UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| WABTEC CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES,<br><br>　　　　　　Defendant,<br><br>　and,<br><br>COALITION OF FREIGHT COUPLER PRODUCERS,<br>　　　　　　Defendant-Intervenor. | Before:  Hon. Gary S. Katzmann, Judge<br><br>Court No. 23-00157 |

**DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE CASES**

Plaintiffs, Amsted Rail Inc., ASF-K de Mexico S. de R.L. de C.V, Wabtec Corp. and Strato, Inc., in the above captioned matters, *Amsted Rail, Inc., et al v. United States*, Ct. No. 23-00268, *Strato, Inc. v. United States*, Ct. No. 23-00158, *Wabtec Corp. v. United States*, Ct. No. 23-00157, pursuant to Rules 7 and 42(a) of the Rules of the United States Court of International Trade, jointly moved to consolidate these cases under Ct. No. 23-00268. Joint Motion to Consolidate, ECF No. 25.  Defendant and Defendant-Intervenor originally took no position on Plaintiffs' Motion.  The Court requested on February 6, 2024, that Defendant and Defendant-Intervenor file responses either consenting to or opposing the Joint Motions to Consolidate by February 21, 2024. ECF No. 26.  Accordingly, Defendant-Intervenor now confirms that it opposes Plaintiffs' Motion to consolidate these matters, which involve different issues of law and fact.  Consolidation would not result in additional convenience to the Court and the parties, nor would a decision not to consolidate lead to any unnecessary expenses for any party or to a significant delay in these

appeals. In addition, there appear to be significant differences in the legal bases for the appeals. As discussed below, Plaintiffs have not demonstrated that consolidation is necessary or appropriate and, accordingly, Plaintiffs' Motion should be denied.

I.  **LEGAL FRAMEWORK**

Pursuant to Rule 42(a), the Court may grant consolidation of cases "involv{ing} a common question of law or fact . . . to avoid unnecessary cost or delay." USCIT R. 42(a). The Court retains "'broad discretion to grant or deny' the request." *RHI Refractories Liaoning Co. v. United States*, 774 F. Supp. 2d 1280, 1283 (Ct. Int'l Trade 2011) (citing *Fed.-Mogul Corp. v. United States*, 16 CIT 964, 966 (1992)).

Consolidation "is appropriate if there are common questions of law or fact, if it will promote economy of resources, and if it will avoid inconsistent results, inconvenience, unnecessary expense, or delay." *United States v. Sweet Little Mex. Corp.*, Slip Op. 2011-35, 2011 Ct. Intl. Trade LEXIS 33 (Apr. 4, 2011) *3 (citing *Brother Industries, Ltd. v. United States*, 1 CIT 102 (1980); *H.E. Lauffer Co., Inc. v. United States*, 81 Cust. Ct. 165 (1978)). The chief factor in a court's consideration of when multiple cases involve common legal or factual threads is judicial economy. *RHI Refractories*, 774 F. Supp. 2d at 1283 (citing *Manuli, USA, Inc. v. United States,* 11 CIT 272, 277, 659 F.Supp. 244, 277 (1987)).

II.  **CONSOLIDATION IS NOT WARRANTED AND PLAINTIFFS' MOTION SHOULD BE DENIED**

Plaintiffs' Motion should be denied because the appeals of the antidumping and countervailing duty determinations involve certain separate issues of law and fact, and consolidation has not been shown to promote economy of resources. Moreover, a denial of the motion would not lead to inconsistent results, inconvenience, unnecessary expense, or delay.

The complaints in Ct. No. 23-00158 and Ct. No. 23-00157 (collectively "Chinese

2

Respondents' Complaints") appear to focus on separate issues of law and fact than the complaint in Ct. No. 23-00268 ("Mexican Respondent's Complaint"). Chinese Respondents' Complaints are primarily focused on the alleged impropriety of the refiling of the underlying investigations ("FRC II") within 24 months of the Commission's negative determination in *Freight Rail Coupler Systems and Certain Components Thereof* ("FRC I") and the Commission's affirmative determination in the underlying investigations notwithstanding its negative determination in FRC I. *See* Wabtec Complaint at 15-16, Ct. No. 23-00157, ECF No. 9; Strato Complaint at 15-16, Ct. No. 23-00158, ECF No. 9. In contrast, the Mexican Respondent's Complaint appears to primarily focus on alleged conflict of interest claims. Amsted Complaint at 20-23, Ct. No. 23-00268, ECF No. 29.

Additionally, one of the Chinese respondents' claims, the appropriateness of initiation of the FRC II investigation, does not appear in the Mexican Respondent's Complaint at all. *Compare* Wabtec Complaint at 15-17, Ct. No. 23-00157, ECF No. 9; Strato Complaint at 16-18, Ct. No. 23-00158, ECF No. 9 *with* Amsted Complaint, Ct. No. 23-00268, ECF No. 29. Indeed, the Chinese Respondents may not have standing to pursue the alleged conflict of interest claims raised in the Mexican Respondent's Complaint, as those claims allegedly arise out of Amsted's membership in the petitioning coalition in FRC I, and the Chinese Respondents were not involved in that coalition. *See generally* Amsted Complaint, Ct. No. 23-00268, ECF No. 29. Accordingly, it would be appropriate to address these separate issues, by distinct parties, with different potential standing, in separate proceedings.

Plaintiffs' Motion to Consolidate focuses primarily on the investigations having substantially the same record and the same agency determination. Pls' Mot. At 3-4. However, even in cases where there are similarly situated facts and administrative records, this Court has denied consolidation due to the "distinct" legal issues. *Federal-Mogul Corp v. United States*, 16

3

CIT 206, 207 (1992). In *Federal-Mogul*, there were eleven claims in a challenged antidumping case and nine claims in a companion countervailing duty case, with only one issue considered to overlap between the two cases. In that case, the Court denied consolidation. *Id*.

Perhaps more importantly, consolidation has not been shown to promote economy of resources. *See Brother Industries, Ltd.*, 1 CIT 102, 103-04 (1980). Plaintiffs have failed to make any showing that consolidation would result in judicial economy.

Furthermore, denial of Plaintiffs' motion would not lead to inconsistent results. Nor have plaintiffs made any showing that there is a potential for inconsistent results in the absence of consolidation. Consolidation also has not been proven to avoid inconvenience, unnecessary expense, or delay. *See Brother Industries, Ltd.*, 1 CIT 102, 103-04 (1980); USCIT R. 42(a). Nor does Plaintiffs' Motion address this prong of the consolidation analysis and accordingly such motion should be denied.

### III. CONCLUSION

Plaintiffs have failed to make a sufficient showing that the Court should exercise its discretion to consolidate the Chinese parties' and the Mexican party's appeals. For these reasons, the Court should deny Plaintiffs' Motion for Consolidation.

Respectfully submitted,

*/s/ Daniel B. Pickard*
Daniel B. Pickard, Esq.

*Counsel to McConway & Torley LLC,*
*Defendant-Intervenor*

**BUCHANAN INGERSOLL & ROONEY**
1700 K St. NW, Suite 300
Washington, DC 20006
Telephone: (202) 452-7900

4