UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| WABTEC CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*,<br>and<br><br>COALITION OF FREIGHT COUPLER PRODUCERS,<br><br>*Defendant-Intervenor*. | Court No. 1:23-00157 |

**DEFENDANT U.S. INTERNATIONAL TRADE COMMISSION'S
RESPONSE TO PLAINTIFFS' JOINT MOTION TO CONSOLIDATE CASES**

On February 6, 2024, the Court directed Defendant U.S. International Trade Commission and Defendant-Intervenor Coalition to file a response either consenting to or opposing plaintiffs' joint motions to consolidate *Amsted Rail, Inc., et al v. United States*, No. 23-00268 with *Wabtec Corp. v. United States*, No. 23-00157 and *Strato Inc. v. United States*, No. 23-00158.[1]  Order, Ct. No. 23-00268, ECF No. 31 (Feb. 6, 2024); Ct. No. 23-00157, ECF No. 26 (Feb. 6, 2024); Ct. No. 23-00158, ECF No. 28 (Feb. 6, 2024).  As indicated in the Joint Status Reports filed in Case Nos. 23-157 and 23-158, Defendant supports consolidation of the Wabtec and Strato cases as they

---

[1] As indicated in the consolidation motions filed by Plaintiffs, Defendant and Defendant-Intervenor had previously indicated that they took no position on consolidation of the three appeals.  *See* Pls.' Joint Mot. to Consolidate Cases, Ct. No. 23-00268, ECF No. 30 (Jan. 31, 2024); Ct. No. 23-00157, ECF No. 25 (Jan. 31, 2024); Ct. No. 23-00158, ECF No. 27 (Jan. 31, 2024).

both concern imports from China and largely raise the same issues. *See* Joint Status Reports and Proposed Briefing Schedules, Ct. No. 23-00157, ECF No. 23 (Nov. 22, 2023); Ct. No. 23-00158, ECF No. 25 (Nov. 22, 2023).

Defendant, however, opposes consolidation of the Wabtec and Strato cases with the Amsted case, concerning imports from Mexico. While Defendant recognizes there are factors weighing both ways, on balance, Defendant opposes consolidation. Although both groups of Plaintiffs appear to be challenging some similar issues regarding the merits of the Commission's underlying determinations, each of the Plaintiffs raise certain collateral challenges to the investigative process, unique to the individual group of Plaintiffs. In their respective Complaints, Wabtec/Strato on one hand, and Amsted on the other, each give considerable attention to non-overlapping issues related to the investigative process. *See* Amsted's Compl., Ct. No. 23-00268, ECF No. 5 (Dec. 15, 2023); Wabtec's Compl., Ct. No. 23-00157, ECF No. 9 (Sept. 13, 2023); Strato's Compl., Ct. No. 23-00158, ECF No. 9 (Sept. 13, 2023). As explained below, Defendant therefore takes the position that *Amsted Rail Inc., et al v. United States*, No. 23-00268 should not be consolidated with *Wabtec Corp. v. United States*, No. 23-00157 and *Strato Inc. v. United States*, No. 23-00158.

**ARGUMENT**

**I.    Legal Standard**

Pursuant to Rule 42(a), the Court may grant consolidation of cases "involv[ing] a common question of law or fact . . . to avoid unnecessary cost or delay." USCIT R. 42(a). The Court retains "'broad discretion to grant or deny' the request." *RHI Refractories Liaoning Co. v. United States*, 35 CIT 407, 409, 774 F. Supp. 2d 1280, 1283 (2011) (citing *Fed.-Mogul Corp. v. United States*, 16 CIT 964, 966, 809 F. Supp. 102, 105 (1992)).

Consolidation "is appropriate if there are common questions of law or fact, if it will promote economy of resources, and if it will avoid inconsistent results, inconvenience, unnecessary expense, or delay." *United States v. Sweet Little Mex. Corp.*, 35 CIT 353, 355 (2011) (citing *Brother Indus., Ltd. v. United States*, 1 CIT 102 (1980); *H.E. Lauffer Co., Inc. v. United States*, 81 Cust. Ct. 165 (1978)). The chief factor in a court's consideration of when two cases involve common legal or factual threads is judicial economy. *RHI Refractories*, 35 CIT at 409, 774 F. Supp. 2d at 1283 (citing *Manuli, USA Inc. v. United States,* 11 CIT 272, 277, 659 F. Supp. 244, 247 (1987)).

However, consolidation would not be appropriate where it carries the "potential for an unwieldy or chaotic proceeding." *John S. Connor, Inc. v. United States*, 69 Cust. Ct. 305, 307 (1972). As this Court has noted, a "large number of parties and issues, {where} many of which are not common to all of the cases, weighs against consolidation. The burden of briefing and responding to motions rises disproportionately with the proliferation of parties and issues." *Zenith Elecs. Corp. v. United States*, 15 CIT 539, 540 (1991).

II. **The Wabtec and Strato Cases Should be Consolidated**

As indicated in the respective Joint Status Reports, all parties appear to agree that the two cases involving imports from China – *Wabtec Corp. v. United States*, No. 23-00157 and *Strato Inc. v. United States*, No. 23-00158 – should be consolidated with one another. *See* Joint Status Reports and Proposed Briefing Schedules, Ct. No. 23-00157, ECF No. 23 (Nov. 22, 2023); Ct. No. 23-00158, ECF No. 25 (Nov. 22, 2023). Both cases involve subject imports from China and raise the same or similar legal and factual issues concerning the Commission's determinations in *Certain Freight Rail Couplers and Parts Thereof from China*, Inv. Nos. 701-TA-682 and 731-TA-1592 (Final), USITC Pub. 5438 (July 2023) ("*FRCs II*"), including the definition of the

domestic industry, cumulation of subject imports, and material injury analysis. Wabtec's Compl. ¶¶ 57-68, Ct. No. 23-00157, ECF No. 9 (Sept. 13, 2023); Strato's Compl. ¶¶ 67-80, Ct. No. 23-00158, ECF No. 9 (Sept. 13, 2023). In addition, the Complaints in both cases allege that the Commission was barred from instituting *FRCs II* in light of its previous negative determinations in *Freight Rail Coupler Systems and Components from China*, Inv. Nos. 701-TA-670 and 731-TA 1570 (Final) ("*FRCs I*"). Wabtec's Compl. ¶¶ 49-53, Ct. No. 23-00157, ECF No. 9 (Sept. 13, 2023); Strato's Compl. ¶¶ 60-63, Ct. No. 23-00158, ECF No. 9 (Sept. 13, 2023). Defendant continues to support consolidation of the Wabtec and Strato cases.

**III.     The Complaints in the Wabtec and Strato Cases Focus Largely on Different Issues from Those Raised in Amsted's Complaint**

As noted, Plaintiffs' complaints include similar claims regarding certain aspects of the merits of the Commission's determinations. That is, all Plaintiffs have indicated that they will challenge the Commission's definition of the domestic industry and its material injury findings. Nonetheless, the Complaints also suggest that the respective Plaintiffs will largely be focusing their arguments on non-overlapping issues concerning the investigative process. For example, Amsted's Complaint does not raise issues concerning the cited previous investigations, *FRCs I*, and indeed those claims may not be available to it given that imports from Mexico were not included in those investigations.

Instead, Amsted dedicated approximately two-thirds (or 19 of 29 pages) of its Complaint to an alleged conflict-of-interest claim particular to it. *See* Amsted's Compl., Ct. No. 23-00268, ECF No. 5 (Dec. 15, 2023). Although Strato's Complaint also includes a Count addressing the conflict issue, *see* Strato's Compl. ¶¶ 86-91, Ct. No. 23-00158, ECF No. 9 (Sept. 13, 2023), in the Commission's view, Strato's reliance on this argument potentially raises standing issues that the Commission would address uniquely in response to Strato's arguments. Of the counts raised

4

by Plaintiffs Strato and Wabtec, almost half do not overlap with claims raised by Amsted (*i.e.*, counts one, two, and four, which challenge the Commission's initiation of the subject China investigations, subsequent determinations, and cumulation of subject imports from Mexico and China in light of its previous negative determinations in *FRCs I*). *See* Wabtec's Compl. ¶¶ 49-56, 60-62, Ct. No. 23-00157, ECF No. 9 (Sept. 13, 2023); Strato's Compl. ¶¶ 60-66, 70-72, Ct. No. 23-00158, ECF No. 9 (Sept. 13, 2023).

Thus, all plaintiffs have indicated in their Complaints the intent to raise certain non-overlapping unique claims, with Amsted appearing primarily interested in doing so. Given the extent of non-overlapping issues, the Commission believes the case will proceed with more judicial economy if the cases are briefed separately. This will enable the parties and the Court to focus in each case on the specific issues being raised without unnecessary proliferation of issues in each respective case. Consolidation, on the other hand, would unnecessarily open up all of the issues to briefing by every party, complicate disposition of the cases, and potentially lead to an unwieldly or chaotic proceeding.[2]

Plaintiffs' significant interests – as demonstrated in their Complaints – in non-overlapping issues appear to outweigh shared interests in the remaining issues, suggesting that consolidation would likely not promote economy of resources.

## IV. Conclusion

For the reasons stated above, Defendant opposes consolidating *Amsted Rail Inc., et al v. United States*, No. 23-00268 with *Wabtec Corp. v. United States*, No. 23-00157 and *Strato Inc. v. United States*, No. 23-00158. If possible, however, we would support treating the two cases

---

[2] If the Court decides to consolidate the Amsted case with the Wabtec and Strato cases, Defendant respectfully requests that it be provided additional words for its response to Plaintiffs' briefs given the extent of non-overlapping issues raised by the respective Plaintiffs.

(*Amsted Rail Inc., et al v. United States*, No. 23-00268 and consolidated cases *Wabtec Corp. v. United States*, No. 23-00157 and *Strato Inc. v. United States*, No. 23-00158) as related cases with closely aligned but staggered briefing schedules.

Dated: February 21, 2024

    Respectfully submitted,

    Dominic L. Bianchi
    General Counsel

    <u>/s/Andrea C. Casson</u>
    Andrea C. Casson
    Assistant General Counsel for Litigation

    <u>/s/Michael K. Haldenstein</u>
    Michael K. Haldenstein
    Attorney-Advisor

    <u>/s/Garrett L. Peterson</u>
    Garrett L. Peterson
    Attorney-Advisor
    Office of the General Counsel
    U.S. International Trade Commission
    500 E Steet, SW
    Washington, DC 20436
    1.202.205.3241
    Garrett.peterson@usitc.gov

    *Counsel for Defendant U.S. International Trade Commission*

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the attached **U.S. INTERNATIONAL TRADE COMMISSION'S RESPONSE TO THE COURT'S ORDER** contains 1,441 words, according to the word-count function of the word processing system used to prepare this brief (Microsoft Office 365 ProPlus).

Date: February 21, 2024

/s/Garrett L. Peterson
Garrett L. Peterson
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Steet, SW
Washington, DC 20436
1.202.205.3241
Garrett.peterson@usitc.gov