*PUBLIC DOCUMENT*

**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE GARY S. KATZMANN**

Court No. 23-00157

**WABTEC CORPORATION,**

*Plaintiff*,

**and**

**STRATO, INC.,**

*Consolidated Plaintiffs*,

**v.**

**UNITED STATES,**

*Defendant*,

**and**

**COALITION OF FREIGHT COUPLER PRODUCERS,**

*Defendant-Intervenors*.

**DEFENDANT U.S. INTERNATIONAL TRADE COMMISSION'S
POST-ARGUMENT SUBMISSION**

MICHAEL K. HALDENSTEIN
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC  20436
Telephone: (202) 205-3041
Facsimile: (202) 205-3111
michael.haldenstein@usitc.gov

MARGARET D. MACDONALD
General Counsel

KARL VON SCHRILTZ
Assistant General Counsel for Litigation
Telephone: (202) 205-3096
Karl.von-Schriltz@usitc.gov

**DATED: July 8, 2026**

**I.      Commissioner Kearns's Decision Not to Exclude Amsted Is Supported by Substantial Evidence and in Accordance with Law**

Commissioner Kearns's findings that Amsted's domestic operations producing the domestic like product were neither shielded nor benefited from subject imports are supported by substantial evidence and in accordance with law.  He explained that Amsted competed with, and was harmed by, imports from both subject countries.  He additionally found that excluding Amsted would change industry trends in key indicators such as market share and employment.  Commissioner Kearns therefore reasonably found it inappropriate to exclude Amsted from the industry because doing so would skew industry data by eliminating evidence of injury to the industry.  Confidential Remand Views at 21-22, 25-28 (Dkt. 117) (CR184R) ("Remand Views").

Commissioner Kearns's application of the related parties provision is also consistent with Congress's goal of "reduc{ing} any distortion in industry data caused by the inclusion in the domestic industry of a related producer who is being shielded from the effects of the subject imports."  Statement of Administrative Action to the Uruguay Round Agreements Act, H.R. Rep. 103-316, vol. I, at 858 (1994) ("SAA").  Shielded domestic producers can outperform other producers and make the industry appear less injured.  This has been the Commission's overriding concern in applying the provision since the 1980s.  ITC's Response to Plaintiffs' Comments, at 11-12, (Dkt. 128) ("Response") (quoting Commission's investigations).  *See also* Remand Views at 14 (cases indicate "most significant factor" is whether the domestic producer accrued a "substantial benefit" from imports).

The legislative history states that the Commission shall have discretion in determining whether a producer should be excluded under the related parties provision.  SAA at 858; S. Rep. No. 96-249, at 83 (1979).  By adopting an "appropriate circumstances" standard, Congress delegated to Commissioners the responsibility of determining relevant factors and their

appropriate weight.  Consequently, Commissioners need not make findings or assign weight to all factors.  *See, e.g., Changzhou Trina Solar Energy Co. v. ITC*, 100 F. Supp. 3d 1314, 1329 (Ct. Int'l Trade 2015), *aff'd,* 879 F.3d 1377 (Fed. Cir. 2018) ("The Commission is not required to make findings as to each specific factor.").  Plaintiffs' arguments that Commissioner Kearns must give more weight to certain factors are simply requests that the Court reweigh evidence of appropriate circumstances when Congress has committed this determination to the sound discretion of the Commission.

## II.    The Commission Does Not Consider a Producer's Other Production Operations in Its Related Parties and Material Injury Analyses

Benefits that subject imports confer on a domestic producer's operations producing other products cannot distort data for the Commission's consideration of "the impact of {subject imports} on domestic producers of domestic like products," 19 U.S.C. § 1677(7)(B)(i)(III).  As these benefits are irrelevant to the Commission's related parties analysis, excluding a producer based on these benefits would be inconsistent with the purpose of the provision.  Moreover, the Commission is not permitted to consider such benefits in its related parties analysis.  The statute provides that a related party, defined as "a producer of a like product," may be excluded from the industry, defined as "producers as a whole of a domestic like product," under appropriate circumstances.  19 U.S.C. §§ 1677(4)(A), 1677(4)(B)(i).  Accordingly, for subject imports to benefit a related party such that industry data are distorted, the benefit must be to the party's production of the like product.  Further, when considering the effects of subject imports, the Commission can only consider operations for the like product when such data are available, as here.  19 U.S.C. § 1677(4)(D) (product lines provision).  *See also* Remand Views at 25 n.74 (collecting authorities).

Plaintiffs mistakenly claim that the Commission has considered benefits to a producer's entire domestic operations, but neither the court nor the Commission has ever indicated that doing so would be appropriate or relevant to a related parties analysis.  Given the irrelevance of trade and financial data for domestic producers' other operations, the Commission does not normally collect such data, and it was not considered in the cases Plaintiffs cite.  *See* Remand Views at 23 n.69 (discussing *Allied Mineral Prods., Inc. v. United States*, 28 CIT 1861, 1864 (2004) and *Changzhou Trina Solar Energy*); Response at 10-11 (same).

Plaintiffs also wrongly asserted at oral argument that the "primary interest" factor considers a firm's operations on other products.  Such an approach would conflict with the statute, as discussed above.  Although Amsted claimed at the Commission's hearing that it has a primary interest in domestic production given its 17 U.S. production facilities producing other rail products, Commissioner Kearns properly focused on Amsted's FRC operations.  Accordingly, he found that Amsted's primary interest was in importation — a finding Plaintiffs do not dispute.  Confidential Leading Views at 17 & n.74, (Dkt. 21-1) (CR178); Remand Views at 30.

III.    **Plaintiffs' Additional Challenges to Commissioner Kearns's Remand Views Fail**

Plaintiffs argue that Amsted must be excluded because it is acting against the interests of the domestic industry because of the benefit it receives to its other rail products.  Amsted, however, did not receive a benefit to its domestic operations producing the like product — the scenario in the legislative history in the case Plaintiffs rely upon.  *See USEC v. United States*, 25 CIT 49, 61, 132 F. Supp. 2d. 1, 12 (2001) (citing *Empire Plow v. United States*, 11 CIT 847, 852 (1987) (discussing 1979 legislative history)).  Moreover, Wabtec in these investigations is acting

against the domestic industry by seeking to exclude Amsted's data to make the industry appear healthier and deprive the industry of trade relief.  *See* Remand Views at 10.

Plaintiffs argue that Commissioner Kearns "manufactured" injury by including Amsted in the domestic industry despite Amsted's claim of no injury.  Not only was injury visible in Amsted's data concerning its domestic FRC operations, but Steelworkers union members' testimony in both FRC investigations indicated that subject imports from China and Mexico harmed Amsted's FRC operations and workers.  Remand Views at 8-9, 21-22, 27-28.  There is nothing manufactured about Amsted's injury.

Plaintiffs also repeatedly and inaccurately state that Commissioner Kearns described his approach as "novel," a word found nowhere in the remand views.  Rather, he explained that his approach is consistent with previous investigations, Remand Views at 12-13 nn.44-46, and mirrored the analysis affirmed in *LG Electronics v. ITC*, 26 F. Supp. 3d 1338, 1344-47 (Ct. Int'l Trade 2014), concerning investigations that predated his tenure as Commissioner by several years.  *See* Remand Views at 19 n.54, 30-31 n.99, 38 n.122.

At oral argument, Plaintiffs quoted whether "there is reason to believe that the relationship causes the producer to act differently than a nonrelated producer" from 19 U.S.C. § 1677(4)(B)(ii)(IV).  This language concerns whether "a producer and an exporter or importer shall be considered to be related parties" under subsection (ii) when the producer and exporter or importer control a third party.  *Id.*  It has no bearing on whether there are appropriate circumstances to exclude a domestic producer under 19 U.S.C. § 1677(4)(B)(i).

## IV.    Plaintiffs Waived their Challenge to Commissioner Karpel's Footnotes

Plaintiffs argue that they could not have challenged Commissioner Karpel's footnotes because she dissented.  In fact, she concurred with Commissioners Kearns and Schmidtlein on

material injury and joined most of the majority's analysis, adding footnotes analyzing data based on her different industry definition.  Furthermore, Plaintiffs can challenge Commissioner concurrences when they form the majority in material injury determinations.  *See Comm. for Fairly Traded Venezuelan Cement v. United States*, 279 F. Supp. 2d 1314, 1341 (Ct. Int'l Trade 2003).  Plaintiffs have therefore waived their challenge to Commissioner Karpel's footnotes.  *See* Response at 28-31.

Respectfully submitted,

Margaret Macdonald
General Counsel

Karl Von Schriltz
Assistant General Counsel for Litigation

*/s/  Michael K. Haldenstein*
Michael K. Haldenstein
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3041
michael.haldenstein@usitc.gov

*Attorneys for Defendant*
*United States International Trade Commission*

Dated: July 8, 2026

6

**CERTIFICATE OF COMPLIANCE**

Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the attached

DEFENDANT U.S. INTERNATIONAL TRADE COMMISSION'S **POST-ARGUMENT**

**SUBMISSION** contains 1,247 words, according to the word-count function of the word

processing system used to prepare this brief (Microsoft Word for Microsoft 365).

Dated: July 8, 2026                            /s/ *Michael K. Haldenstein*
                                               Michael K. Haldenstein
                                               Attorney-Advisor
                                               Office of the General Counsel
                                               U.S. International Trade Commission
                                               500 E Street, SW
                                               Washington, DC 20436
                                               Telephone: (202) 205-3041
                                               michael.haldenstein@usitc.gov

                                               *Attorney for Defendant*
                                               *United States International Trade Commission*

## CERTIFICATE OF SERVICE

Pursuant to CIT Administrative Order 25-01 and Rule 5(b)(2)(E) of the Rules of the

Court of International Trade, I, Michael K. Haldenstein, certify that a true and correct copy of

the foregoing DEFENDANT U.S. INTERNATIONAL TRADE COMMISSION'S **POST-**

**ARGUMENT SUBMISSION** was served on counsel of record by filing it within the Court's

CM/ECF system:

*/s/ Michael K. Haldenstein*
Michael K. Haldenstein
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3041
michael.haldenstein@usitc.gov `

*Attorney for Defendant*
*United States International Trade Commission*

Dated: July 8, 2026

8